IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL SNEED, | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 7:22-cv-00023 (WLS) |
| | : |
| ANITA WATSON, | : |
| Defendant. | : |

## **ORDER**

Before the Court are two pending motions: Defendant Watson's Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 5; Doc. 5-1), and Plaintiff Sneed's Motion for a Hearing on Defendants' Motion to Dismiss (Doc. 11).

In his Complaint (Doc. 1), Plaintiff notes that the instant matter is a "companion case" to Plaintiff Sneed's previous lawsuit filed against Phillip Connell, Jammie Cook, and Erlish Locklear, who are members of the Lanier County Board of Education. (Doc. 1, at 1, ¶3); *Sneed v. Connell*,[1] 7-21-cv-132-WLS (M.D. Ga. Sept. 23, 2023) (hereinafter "the First Sneed Case"). Plaintiff filed this instant action subsequent to the filing of the lawsuit in the First Sneed Case. (Doc. 1, at 1, ¶3).

At the outset, the Court finds that Plaintiff's request for a hearing (Doc. 11) on Defendant's Motion to Dismiss is not necessary or helpful. After full review of the Parties' briefs and the record, and the limited nature of the Court's review, i.e., the face of Plaintiff's pleadings, and the reasons stated below, the Court finds that a hearing on Defendant's Motion to Dismiss is not warranted. Therefore, Plaintiff's Motion for a Hearing (Doc. 11) is **DENIED**. The Court now turns to Defendant's Motion to Dismiss Pursuant to 12(b)(6). (Doc. 5; Doc. 5-1).

---

[1] The Court granted Defendants' Motion to Dismiss Pursuant to 12(b)(6), and judgment was entered in favor of Defendants. (*Connell*, 7:21-cv-132, (Doc. 17; Doc. 18)).

1

## PROCEDURAL HISTORY

On March 10, 2022, Plaintiff filed his Complaint (Doc. 1) against Defendant Watson in the above-styled action. Thereafter, Defendant Watson submitted her 12(b)(6) Motion to Dismiss for Failure to State a Claim. (Doc. 5). In May of 2022, Plaintiff filed his Response (Doc. 8) to Defendant's Motion to Dismiss. About a month later, Defendant filed her Reply. (Doc. 10). On September 16, 2022, Plaintiff filed a Motion for Hearing on Defendant's Motion to Dismiss (Doc. 11); (Denied *supra*).

## SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff Sneed, a teacher at Lanier County High School, asserts that Defendant Anita Watson, the School Superintendent of the Lanier County School District, is "part of an unconscionable conspiracy," which also involves members of the Lanier County Board of Education. (Doc. 1, at 2, ¶9-12). The Court notes that no members of the Board are named as Defendants in Plaintiff's instant Complaint. (Doc. 1). Plaintiff alleges the conspiracy is to "remove" Plaintiff and to run him "out of town" to "teach him who is boss." (*Id.* at 2–3, ¶¶11, 20). In furtherance of her conspiracy against Plaintiff, Plaintiff alleges that Defendant Watson threatened Plaintiff, through intermediaries, about not being able to coach at Lanier County High School unless Plaintiff drops his previous lawsuit against the Defendants in the First Sneed Case. (*Id.* at 2–3, ¶14). Plaintiff also alleges that Defendant Watson would not allow Plaintiff to coach individual athletes on their own time, off of school premises, without Defendant Watson's written approval. (*Id.* at 3, ¶15).

Plaintiff alleges that Defendant Watson's "threat to terminate" Plaintiff from coaching duties is based on Defendant Watson's interest in "placat[ing]" the Defendants from the First Sneed Case. (*Id.* at 3, ¶17). This is apparently based on Plaintiff's recorded call between Plaintiff and the Defendants from the First Sneed Case, wherein one of the Defendants used "the 'N' word multiple times" and made "derogatory comments towards women." (*Id.* at ¶¶18-19). Plaintiff alleges Defendant Watson knows about the "racially-charged and misogynistic statements" made by the Defendants in the First Sneed Case, yet Defendant Watson "has not reported these board members to the State Board of Education as her duties require." (*Id.* at 2, at ¶13). Plaintiff asserts that the contents of the recorded call are known to the Lanier County Community, but Defendant Watson has

2

"done nothing about it." (*Id.* at 3, ¶20). Plaintiff further alleges that Defendant Watson has simply allowed Defendants in the First Sneed Case to "deal directly with the schoolteachers" themselves. (*Id.* at 3, ¶ 16).

Plaintiff alleges a cause of action under 42 U.S.C. § 1983, asserting a property interest in his position as the head baseball coach at Lanier County High School. (Doc. 1, at 4–6). Plaintiff also alleges two state law claims: (1) wrongful termination under O.C.G.A. § 20-2-940 (*Id.* at 5–6); and (2) tortious interference with potential business relations, contending that Defendant Watson prevented Plaintiff and baseball players from Lanier County High School from "entering into anticipated business relationships with Plaintiff." (*Id.* at 5, ¶¶33-39).

## **DISCUSSION**

When ruling on a 12(b)(6) motion, the reviewing court accepts the facts set forth in the complaint as true and construes the complaint in light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A district court's review is limited to the four corners of the complaint and other documents attached as exhibits or incorporated by reference in the complaint upon which a plaintiff's complaint necessarily relies. *See Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007).

A complaint survives a 12(b)(6) motion only if a plaintiff alleges sufficient factual matter to state a claim for relief that is plausible on its face. Therefore, a plaintiff must state more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). In other words, the complaint must contain "more than labels and conclusions or a formulaic recitation of the elements of a cause of action," and its factual allegations must be "enough to raise a right to relief about the speculative level." *Twombly*, 550 U.S. at 555.

In assessing a motion to dismiss for failure to state a claim, a court uses a two-step analysis. *McCullough*, 907 F.3d at 1333. First, the court disregards allegations that are "no more than mere conclusions." *Id.* Second, the court "assume[s] any remaining factual allegations are true and determine[s] whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.*; *Iqbal*, 556 U.S. at 679.

3

Here, Defendant Watson moves to dismiss Plaintiff's Complaint and all claims therein. (Doc. 5-1). Plaintiff alleges a federal claim in Count One while alleging state law claims in Counts Two and Three. (Doc. 1). The Court first turns to Plaintiff's federal claim, a cause of action under § 1983 in Count One. Defendant argues that Plaintiff's § 1983 claim must be dismissed since Plaintiff failed to show that Defendant violated his constitutional right because Plaintiff possesses no property interest in a supplemental coaching position, and because even if Plaintiff possesses such interest, Plaintiff failed to claim that he sought or exhausted available state remedies.

### I.   Plaintiff's Alleged Deprivation of Procedural Due Process

Plaintiff contends that his coaching position was subject to O.C.G.A. § 20-2-940 because he had a contract to be the head coach of the baseball team with a definite term for which he received additional compensation. (Doc. 1, at 4, ¶¶ 24–25). Plaintiff asserts that Defendant improperly terminated Plaintiff's contract without the procedural due process that Plaintiff was owed. (*Id.* at 4, ¶¶27, 28).

For the sake of this particular allegation, the Court will assume that Plaintiff has a property interest in the position of head baseball coach. To state a claim under § 1983 for denial of procedural due process, an individual must show that "the state refused to provide a process sufficient to remedy the procedural deprivation." *Mason v. Clayton Cnty Bd. of Educ.*, 334 F. App'x. 191, 193 (11 Cir. 2009). This rule "recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts before being subjected to a claim alleging procedural due process violation." *Id.* (citations omitted). So, even if Plaintiff has a property interest in his position as a head coach, he must still show that he sought appropriate, available state remedy or procedure before bringing a § 1983 claim in federal court. *McKinney*, 20 F.3d at 1562.

In Georgia, teachers with disputes regarding employment contracts must first seek redress before the local board of education. *Day v. Brantely Cnty Sch. Dist.*, 680 S.E.2d 496, 497 (Ga. Ct. App. 2009); O.C.G.A. § 20-2-1160(a). Specifically, § 20-2-1160(a) provides that the local board of education shall hear and determine "any matter of local controversy in reference to the construction or administration of the school law. . . ." The Georgia Court of

Appeals determined that this provision "includes disputes concerning employment contracts" as well as reassignment or demotion of a tenured teacher or principal. *Day*, 680 S.E.2d at 497. Moreover, if there is no other specific legal remedy available and a party has a clear right to have a certain act performed, a party may seek mandamus. *Mason*, 334 F. App'x. at 193; O.C.G.A. § 9-6-20.

Here, Plaintiff does not allege that he sought available state remedies or other available review by the appropriate state agency after his removal as the head coach, or whether he was denied such review. (Doc. 1, at 4, ¶26–31). Therefore, the Court finds that Plaintiff has failed to state a claim for procedural due process violation that is presently viable in federal court.

## II. Plaintiff's Alleged Deprivation of Substantive Due Process Based on the Alleged Violation of Property Interest in the Head Baseball Coach Position

Plaintiff also contends that he possessed a constitutionally protected property interest in being the head baseball coach at Lanier County High School because he had a contract to be head coach of the baseball team with a definite term for which he received compensation. (*Id.* at 4, ¶¶ 23–25).

To state a claim under § 1983, a plaintiff must "allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The language of § 1983 does not create substantive rights; instead, it provides remedies for deprivation of rights established elsewhere. *Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). Thus, Plaintiff must have a legitimate claim of entitlement or property interest created by a state statute or other rules that stem from an independent source. *LaFleur v. Hugine*, 587 F. App'x. 536, 541 (11th Cir. 2014).

Additionally, Plaintiff must show by sufficient allegations of facts that the "state refused to provide a process sufficient to remedy the procedural deprivation." *Cotton v. Jackson*, 216 F.3d 1328, 1330–31 (11th Cir. 2000). Importantly, violations of procedural due process "do not become complete unless and until the state refuses to provide due process," and the employee has sought "appropriate, available state remedial procedures" to obtain a hearing before bringing a § 1983 claim in federal court. *McKinney v. Pate*, 20 F.3d 1550, 1562

5

(11th Cir. 1994). Georgia law creates a property interest in the continued employment for tenured teachers and restricts their termination or demotion by providing procedural protections. *Hatcher v. Bd. Of Public Edu. and Orphanage for Bibb Cnty.*, 809 F.2d 1546, 1550 (11th Cir. 1987); O.C.G.A. § 20-2-942(b)(2). A tenured teacher is one who accepts a school year contract for the fourth consecutive year from the same local board of education. O.C.G.A. § 20-2-940(b)(1); *Brewer v. Purvis*, 816 F.Supp. 1560, 1572 (M.D. Ga. Mar. 10, 1993). This means that a tenured teacher could be dismissed only for good cause, such as incompetency or willful neglect of duties. O.C.G.A. § 20-2-940(a); *Hatcher v. Bd. of Public Edu. And Orphanage for Bibb Cnty*, 809 F.2d 1546, 1550 (11th Cir. 1987). Although this may be true for teaching positions, this is not the case for supplemental coaching positions.

The Court finds that Plaintiff failed to state a claim under 42 U.S.C. § 1983 because Plaintiff failed to allege factually that he has a legally cognizable right or a constitutional right to keep his supplemental position of head baseball coach. *See Sadiq v. Weller*, 610 F. App'x 964, 964 (11 Cir. 2015) ("Absent the existence of an underlying constitutional right, no § 1983 claim will lie."); *Brewer v. Purvis*, 816 F. Supp. 1560, 1572 (M.D. Ga. 1993) ("'[T]eachers do not acquire tenure in coaching positions.'")

Previously, the Court in *Brewer v. Purvis* held that teachers do not acquire tenure or property interest in coaching positions. *Purvis*, 816 F. Supp. at 1572. In *Purvis*, the Court looked to whether Georgia law gave the plaintiff a property interest in his coaching position. *Id.* In doing so, the Court determined that Georgia law creates property interest in continued employment for tenured teachers, i.e., teachers who accepted a school year contract for the fourth consecutive year from the same local board of education. *Id.* The Court also found that Georgia law provides procedural protections to tenured teachers. *Id.* For instance, O.C.G.A. § 20-2-942(b)(2) requires tenured teachers be given written notice of the board's intent to demote them or the board's intent to not renew their contracts for reasons provided in § 20-2-940(a). *Id.* Additionally, § 20-2-942(b)(2) provides tenured teachers the right to be represented by counsel at a full hearing before the board. *Id.* The Court also considered the Georgia State Board of Education's consistent finding that teaching contracts do not include supplemental duty positions, like coaching. *Id.* Furthermore, the Court also

found that numerous other state and federal courts nationwide have held that teachers do not acquire tenure in coaching positions. *Id.* (citations omitted).

Here, Plaintiff's Complaint (Doc. 1) does not say how long Plaintiff has worked as a teacher or as a baseball coach at the Lanier County High School. In fact, the Complaint in the instant matter provides less facts than the complaint that he filed in the First Sneed Case. Although a district court's review is generally limited to the four corners of the complaint at the Rule 12(b)(6) stage, the Court may consider other documents incorporated into the complaint by reference upon which a plaintiff's complaint necessarily relies. *E.g.*, *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010). Here, Plaintiff does not explicitly state that he is incorporating the facts from the complaint from the First Sneed Case. But Plaintiff notes that the instant matter is a "companion case" to the First Sneed Case. (Doc. 1, at 1, ¶3). Thus, the Court also considered Plaintiff's Complaint in this matter along with the facts and allegations contained in the complaint from the First Sneed Case. *Halmos*, 404 F. App'x at 377. But even then, Plaintiff's allegations are not sufficient.

For instance, it is still unclear how long Plaintiff worked at the Lanier County High School or whether he even has a tenured teacher position. But even if the Court assumes Plaintiff had a tenured teacher position, this does not mean that he also acquired tenure or property right in a coaching position. *See* O.C.G.A. § 20-2-942.

Plaintiff also asserts that he had a contract to be the head coach of the Lanier County High School baseball team with a "definite term" but does not clarify or specify how many months or years were included within that term. (Doc. 1, at 4, ¶24). But in Plaintiff's complaint in the First Sneed Case, Plaintiff stated that he had an eleven-month contract to the be the head coach of the Lanier County baseball team for which he had received a supplemental fee for that position. (*Connell,* et. al, 7-21-cv-132, (Doc. 7)). Plaintiff also stated in his complaint in the First Sneed Case that he was the head baseball coach during the 2020–21 school year but that, in April of 2021, the Board of Education offered him an assistant coach position, instead of the head coach position. (*Id.*)

Even after reviewing the allegations from Plaintiff's complaint in the First Sneed Case along with the Complaint (Doc. 1) in the instant matter, the Court finds that Plaintiff's eleven-month contract to be the head coach for the 2020–21 year did not necessarily mean

7

that Plaintiff acquired tenure or property interest in the head coaching position. *Connell*, et. al, 7-21-cv-132, Order (Doc.17). It is also unclear whether Plaintiff lost his coaching position during the 2020–21 year when his head-coach contract was still active. If anything, on the face of the complaint in the First Sneed Case, it appeared to the Court that Plaintiff had completed his coaching duties for that school year, and the Board subsequently decided to offer him the assistant coach position, rather than the head coach position. But even assuming arguendo that the head coach contract for the 2020–21 year was still active, the Court finds that such fact alone does not provide the basis for or that Plaintiff had a right to the head coach position.

For the aforementioned reasons, Plaintiff's § 1983 claim is **DISMISSED.** Accordingly, with respect to Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3). Thus, Plaintiff's state law claims are **DISMISSED without prejudice**.

## CONCLUSION

In sum, Plaintiff's Motion for Hearing (Doc. 11) is **DENIED**. Defendants' Motion to Dismiss (Doc. 5) is **GRANTED**. Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED**, and Plaintiff's state law claims are **DISMISSED without prejudice**.

**SO ORDERED**, this ___28th___ day of March 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**